Dear Mr. Ranatza:
You ask if the Peace Officer Standards and Training (P.O.S.T.) Council has authority to amend its rule regarding certified training programs for those peace officers who are "grandfathered" (employed prior to January 1, 1086) but have an interruption of full-time service. We respond in the affirmative to your question.
R.S. 40:2405 governs peace officer training requirements and provides, in pertinent part:
 A. (1) Notwithstanding any other provision of law to the contrary, any person who begins employment as a peace officer in Louisiana subsequent to January 1, 1986, must successfully complete a certified training program approved by the council and successfully pass a council- approved comprehensive examination within one calendar year from the date of initial employment. Any person who fails to comply with this requirement shall be prohibited from exercising the authority of a peace officer; however, such persons shall not be prohibited from performing administrative duties.
 (2) In addition, any person employed or commissioned as a peace officer, reserve peace officer, or part-time peace officer prior to July 1, 1998, including those persons employed as such prior to January 1, 1986, who has not satisfactorily completed a basic firearms training program, shall do so no later than August 1, 1999. All other such persons who begin employment subsequent to July 1, 1998 shall satisfactorily complete a basic firearms training program prescribed by the council within one calendar year from the date of initial employment. Any person who does not comply with the provisions of this Paragraph shall be prohibited from exercising the authority of a peace officer, reserve peace officer, or part-time peace officer; however, such persons shall not be prohibited from performing administrative duties.
* * * * *
 C. Peace officers employed as such prior to January 1, 1986, may continue their employment and their receipt of supplemental pay without compliance with the provisions of this Section.
Those individuals employed prior to January 1, 1986 are exempt from the completion of a "certified training program" as contemplated by R.S. 40:2405A(1). Those employed subsequent to January 1, 1986 are subject to the requirements of R.S.40:2405A(1). The latter group includes those individuals who have been employed as peace officers prior to 1986, but have experienced an interruption in service and are rehired subsequent to January 1, 1986.
Further, it is within the discretion of the P.O.S.T. council to define certification requirements under the powers afforded them by R.S. 40:2404.[1] See also Attorney General Opinion 97-343, copy attached. Thus, the Council has the discretion to amend its current rules governing the certification of peace officers who experience an interruption in service.
We have reviewed the current P.O.S.T. rules as reflected on the Council's website (www.cole.state.la.us) and requote pertinent provisions herein:
Interruption of full-time service
Any peace officer hired prior to January 1, 1986, who interrupts his full-time law enforcement service for a period in excess of three years and is thereafter rehired, shall be required to meet the basic training requirements for new peace officers. However, if such officer has already completed a certified basic training course, he shall be required to complete the Legal Aspects portion of the basic course, qualify on the firearms qualification course, and pass the statewide examination, all at an accredited academy. Poof of basic training will be required.
Any officer hired after January 1, 1986, who interrupts his full-time law enforcement service for the period in excess of three years and is thereafter rehired, shall be required to meet the requirements outlined in the subsection above (refresher course). Those hired after January 1, 1986, will already have attended basic and obtained certification
Further, in the question and answer portion of the website, there is further helpful information, as requoted:
 Q. What is the difference between "certified" and "grandfathered in"?
 A. An officer is "certified" once he has completed POST Basic Training (at an accredited academy) and has passed the POST Statewide Exam for Peace Officers. A "grandfathered" officer was hired prior to January 1, 1986, is still employed, and has never experienced a three-year break in full-time service. Grandfathered officers are exempt from the basic training requirement, but must meet all other POST requirements to maintain grandfathership. It should be noted that there is no grandfathership of reserve and/or part-time personnel, as their training is not mandated by State Law.
 Q. When does my certification or grandfathership cease?
 A. Certification and grandfathership remain valid until an officer experiences a three-year break in full-time service.
 Q. I was certified through LSU Academy in June of 1986. I left law enforcement in 1988 and worked in private industry for the past five years. I've now decided to re-enter the law enforcement sector. What will I have to do to reactivate my "certification"?
 A. Once hired by an agency, you will be required to attend supplemental training which we at POST call a "refresher course". The course includes the Legal Aspects Section of basic, qualification on the POST Firearms Course (four times and average), and the POST Statewide Exam for Peace Officers. The course is provided by all nineteen academies, but varies in length. A copy of your POST Basic Certificate is required for verification purposes. As with new hires, re-hires also have one year to complete the necessary training. Contact your regional academy for more information.
 Q. I retired from the Louisiana State Police in June of 1990, with twenty years of service. I have applied for a full-time position with a sheriff's office and would like to know if my State Police training in 1970 will suffice.
 A. Because you were hired and trained in 1970, you were
considered a grandfathered officer. Since you retired in 1990, you had until June of 1993 to re-enter the law enforcement field. Your grandfathership has now expired, so you will be required to attend a full-blown basic academy and pass the POST Exam. The purpose of the "three-year clause" is to ensure that all officers hired (or re-hired) after January 1, 1986, attend "certified" training.
 Q. Is it possible for a "grandfathered officer" to obtain POST certification by attending the refresher course and challenging the state exam?
 A. No. The refresher course is applicable to officers whose certification has lapsed. No one is permitted to "challenge" the state exam, without having attended the prescribed training.
Again, the Council has the discretion to amend its current rules governing the certification of peace officers who experience an interruption in service.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: _____________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] § 2404. Powers of the council
In addition to any other powers conferred upon the council elsewhere herein or by other law, the council shall have the following powers:
(1) To administer this Chapter.
(2) To develop minimum curriculum requirements for the training of peace officers.
(3) To accredit law enforcement training centers.
(4) To establish minimum law enforcement instructor qualifications and certify individuals to act as law enforcement instructors.
(5) To inspect and evaluate all law enforcement training centers, programs, and courses to insure compliance with the state's law enforcement training standards. Such inspection and evaluation shall include a comprehensive performance review at least once every four years. Any training center which is determined not to meet the state's law enforcement training standards pursuant to such a performance review shall be subject to probation or loss of its accreditation as provided in Paragraph (8) of this Section.
(6) To provide a consulting service for law enforcement education and training centers.
(7) To adopt, amend, or repeal rules and regulations to interpret and implement the provisions of this Act, including, not exclusively, the powers of the council enumerated herein.
(8) To withhold or withdraw accreditation from law enforcement training centers and instructors upon a finding that the center, institution, or instructors thereof have failed or are failing to maintain minimum standards set forth in this Chapter or promulgated by rules or regulations of the council. In addition, any training center determined not to meet the state's law enforcement training standards based upon the performance review conducted pursuant to Paragraph (5) of this Section shall be placed on probation. The council shall make written notification to any training center placed on probation and allow the training center not less than thirty days nor more than ninety days to remedy any deficiencies and be removed from probationary status. Any such training center which is not removed from probationary status within the requisite time period shall lose its accreditation.
(9) To establish and implement curricula for such advanced, in-service, and specialized training courses as the council shall deem advisable, including school resource officer training, and to recognize the completion of such courses by the issuance of certificates.
(10) To assist the Committee for the Coordination of Police Services to Elderly Persons to assist in the development and delivery of training to law enforcement professionals involved in the "Triad Programs", including but not limited to the following subjects:
(a) Crimes against the elderly and the protection of elderly persons.
(b) Police sensitivity to the needs of elderly persons as victims, as witnesses, or as victims of "vicarious victimization", which conditions impair their quality of life.
(c) Availability of social and human services.
(11) To approve and certify any school resource officer program and to exercise the powers conferred upon the council pursuant to this Chapter in accrediting, certifying, and establishing other requirements relative to such programs.
OPINION NUMBER 97-343
Honorable Stephen Hammons Attorney General of Louisiana — Opinion November 17, 1997
 SYLLABUS
57 — Justices of the Peace and Constables
71 — Municipalities
78 — Dual Office Holding
LSA-R.S. 40:2402 LSA-R.S. 40:2405 LSA-R.S. 40:2405(A)
LSA-R.S. 40:2405(E) LSA-R.S. 42:63(D)
A city police officer who is employed in 1986, but who subsequently had a gap in his employment, must meet the peace officer training requirements in accordance with LSA-R.S. 40:2405, which requires him to successfully complete a certified training program approved by the council on peace officer standards in training within one calendar year from the date of his initial employment. If this officer is employed in a village of one thousand or less, he shall have a period of two calendar years to comply with the provisions of LSA-R.S. 40:2405. A constable may hold full-time employment as a municipal police officer.
Honorable Stephen Hammons Mayor, Town of Dubach P.O. Box 252 Dubach, Louisiana 71235
RICHARD P. IEYOUB
Dear Mayor Hammons:
Our office is in receipt of your opinion request in which you present issues concerning one of your town police officers. You state that this officer was employed by the town for a number of years but that such employment ended approximately four years ago. At that time he was not required to complete the training academy since he was "grandfathered" due to his employment at the time the regulation was passed. You ask if he must now, due to the gap in his employment, reenter and complete the physical portion of the academy. You state that this individual is an elected constable and ask the effect of that position on his position as police officer. Finally, you ask what penalties and/or liabilities would be incurred by the Town of Dubach if the town continued to employ this officer past the grace period for academy completion.
Regarding peace officer training requirements, LSA-R.S. 40:2405, states as follows:
§ 2405. Peace officer training requirements
 A. Notwithstanding any other provision of law to the contrary, any person who begins employment as a peace officer in Louisiana subsequent to January 1, 1986, must successfully complete a certified training program approved by the council and successfully pass a council-approved comprehensive examination within one calendar year from the date of initial employment. Failure to comply with this requirement will be grounds for the council to seek an injunction prohibiting such an individual from exercising the authority of a peace officer.
 B. Additionally, the receipt of supplemental pay from the municipal police officers fund, the deputy sheriffs' fund, or the state police fund shall be contingent upon the recipient's beginning employment as a peace officer after January 1, 1986, successfully completing a council-approved training program, and passing the council-approved examination within one calendar year from date of initial employment.
 C. Peace officers employed as such prior to January 1, 1986, may continue their employment and their receipt of supplemental pay without compliance with the provisions of this Section.
 D. In no case shall the failure of a peace officer to obtain the required training before the passage of one calendar year from the date of initial employment be grounds to suppress any evidence, testimony, or law enforcement action whatsoever in a court of law.
 E. Peace officers employed after January 1, 1986, in villages of one thousand or less, according to the last decennial census, shall have a period of two calendar years to comply with the provisions of this Section, provided that in no case shall a peace officer of such a village be prevented from continuing his duties or receiving regular or supplemental pay if the village is unable to provide the requisite training because of a shortage of funds.
Applicable definitions to the above statute are found in LSA-R.S.40:2402, which states:
§ 2402. Definitions
As used in this Chapter:
 (1)(a) "Peace officer" means any full-time employee of the state, a municipality, a sheriff, or other public agency, whose permanent duties actually include the making of arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of this state, but not including any elected or appointed head of a law enforcement department.
 (b) "Peace officer" shall also include those sheriff's deputies whose duties include the care, custody, and control of inmates.
 (2) "Law enforcement training course" means a basic or advanced course of study certified by the council on peace officer standards and training, for the purpose of educated and training persons in the skills and techniques required of a peace officer in the discharge of his duties.
 (3) "Training center" means any school, academy, institute, or any place of learning whatsoever, which offers or conducts a law enforcement training course.
This police officer would be considered a "peace officer" in accordance with § 1(a) of the above cited statute. Accordingly, he must successfully complete a certified training program approved by the council and successfully pass a council-approved comprehensive examination within one calendar year from the date of initial employment. Please note LSA-R.S. 40:2405(E) as cited above, which makes special provisions for villages of one thousand or less. In such a case, the officer shall have a period of two calendar years to comply with the provisions of the section, provided that in no case should the officer of such village be prevented from continuing his duties or receiving regular supplemental pay if the village is unable to provide the requisite training because of shortage of funds. In regards to whether he may be exempted from the physical portion of an academy, the above statutes state that he must complete a course of study certified by the council on peace officer standards in training. Thus, it is at the discretion of the council on peace officer standards in training as to whether or not this officer may be certified. We would suggest contacting the council on peace officer standards in training to see if there is a law enforcement training course which would be more lenient on the physical portion, but which would satisfy the above statutes.
You ask the penalties and/or liabilities if the Town of Dubach continues to employ this officer past the grace period for academy completion. Please note LSA-R.S. 40:2405(A) above, which states in part "failure to comply with this requirement will be grounds for the council to seek an injunction prohibiting such an individual from exercising the authority of a peace officer." The Town may also be subject to a civil suit if injury is sustained due to lack of training or certification. Such suits would be at the discretion on the injured party, if such situation arises.
Regarding the status of this officer holding the position of police officer for the Town of Dubach, and Ward Constable, it is permissible for an individual to hold full-time employment as a municipal officer while holding the local elective office of constable. Provisions of the dual office holding law governing this matter, particularly LSA-R.S. 42:63(D), prohibit an elected official from holding "employment . . .in the same political subdivision in which he holds an elective office." As the political subdivision of a constable is the ward from which he is elected, as opposed to the municipality in which he holds employment, the prohibition of LSA-R.S. 42:63(D) is inapplicable. Thus, it is permissible for this constable to hold full-time employment as municipal police officer for the Town of Dubach. Please note that this is in keeping with Attorney General Opinion 97-214, which concluded the same.
In conclusion, a city police officer who is employed in 1986, but who subsequently had a gap in his employment, must meet the peace officer training requirements in accordance with LSA-R.S. 40:2405, which requires him to successfully complete a certified training program approved by the council on peace officer standards in training within one calendar year from the date of his initial employment. If this officer is employed in a village of one thousand or less, he shall have a period of two calendar years to comply with the provisions of LSA-R.S. 40:2405. A constable may hold full-time employment as a municipal police officer.
We hope the foregoing sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
By: _____________________________
 J. RICHARD WILLIAMS Assistant Attorney General
RPI:JRW:glb